UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLIE C. CASTLEBERRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **AMERICAN STRATEGIC INSURANCE CORPORATION** | **NO. 17-01138-BAJ-RLB** |

## RULING AND ORDER

In this 2016 Baton Rouge flood case, as in so many others, Plaintiffs filed suit alleging a breach of their Standard Flood Insurance Policy ("SFIP") *before* the Defendant insurer issued a written denial of their claim. If this were the end of the story, the Court would dismiss this action, as it has so many others, for the same reasons set forth in the July 22, 2021 dismissal order entered in *Burkhalter, et al. v. Hartford Underwriters Insurance Company*, et al., No. 17-cv-01086, 2021 WL 3121209 (M.D. La. July 22, 2021). In this case, however, there is a slight wrinkle. Unlike the other cases, where the Defendant insurer did not issue a written denial either before *or* after the Plaintiff insureds filed suit, here the Defendant issued a written denial on November 20, 2017, one month *after* Plaintiffs initiated litigation.[1]

---

[1] Actually, Defendant *did* issue a pre-suit written denial (of sorts). By correspondence dated January 4, 2017, Defendants rejected Plaintiffs' claim for personal property (contents) damages. Defendant based its denial on the uncontestable fact that Plaintiffs' SFIP did *not* provide personal property coverage.

 The parties concede that Defendant's January 4 denial is "not relevant" to Plaintiffs' claims here, yet invite the Court to consider this denial when analyzing the timeliness of Plaintiffs' action. (Doc. 42 at 3, 7; Doc. 43 at 1-3). The Court rejects this invitation. Defendant's denial of personal property damages (a wholly separate type of claim), based on the fact that Plaintiffs never obtained such coverage, plainly cannot serve as the predicate "written denial" for a lawsuit seeking recovery of building damages. *See Cohen v. Allstate Ins. Co.*, No. 17-cv-2484, 2018 WL 1144761, at *7 (S.D. Tex. Mar. 2, 2018) (Rosenthal, C.J.) (insurer's denial of building damages for "detached garage" was not a written denial of

The question becomes whether Defendant's post-litigation denial saves Plaintiffs' action from dismissal. On July 13, 2021, the Court posed this question to the parties, ordering them to show cause within 10 days why this action should not be dismissed, either because Plaintiffs violated the SFIP by filing their lawsuit without first obtaining a written denial, or because without a denial Plaintiff's action is not "ripe" under hornbook jurisprudential principles. (Doc. 38). On July 23, 2021, the parties submitted show cause briefs, each side urging the Court to disregard the timing of Defendant's denial. (Docs. 42, 43). Essentially, the parties argue that a written denial is a written denial regardless when it is made, and regardless whether it addresses the claims at issue in the lawsuit,[2] and that any issues of ripeness are cleared up by the simple fact of the denial being issued at all.

The Court is not persuaded. The Court will assume that Plaintiffs' claims are "ripe" based on Defendant's post-litigation denial. *See Nat'l Builders Ins. Co. v. Architects, Devs. & Contractors, Inc.*, No. 5:20-CV-162-H, 2021 WL 3030178, at *3 (N.D. Tex. Feb. 10, 2021) (Hendrix, J.) ("[W[hen considering ripeness claims, district courts consider events that occurred after the filing of the complaint." (citing authorities)). Still, the parties *cannot* overcome the unambiguous language of the SFIP, which states that any suit for coverage "must start … *after* the date of the written denial." 44 C.F.R. § Pt. 61, App. A(1), art. VII(R) (emphasis added); *see also*

---

plaintiffs' personal property claim "because that claim [for the garage] was not part of the personal-property claim"), *aff'd* 924 F.3d 776 (5th Cir. 2019).

[2] Again, the Court disregards Defendant's January 4 written denial of personal property damages when assessing whether to dismiss this action, because that denial did not address the unpaid building damages at issue in this case. *See, supra* n.1.

*id.* ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.").

Again, the U.S. Court of Appeals for the Fifth Circuit has set clear rules for flood insurance disputes. First, the SFIP "must be strictly construed and enforced." *Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir. 1998). Second, the SFIP's terms "cannot be waived or modified" by any party, *including* the defendant insurer. *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 388 (5th Cir. 2005). Third, these strict rules of construction *cannot* be relaxed, even if a "harsh" result follows. *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 387 (5th Cir. 2005) (discussing *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)). Fourth, and perhaps most important here, these strict rules apply squarely to the *timing* of Plaintiffs' Complaint. Most recently, in *Cohen v. Allstate Insurance Company*, the Fifth Circuit emphasized (again) that an insured must "turn square corners" on his way to the courthouse: "For the same reasons that we must narrowly construe the *type* of suit a policyholder may bring against a WYO carrier, we must also narrowly construe *when* a policyholder may bring suit." *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019) (quoting *Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018)).

Plaintiffs sued Defendant before obtaining a written denial of their claim, in direct violation of the SFIP's requirement that any suit for coverage "must start … *after* the date of the written denial." 44 C.F.R. § Pt. 61, App. A(1), art. VII(R) (emphasis added). The SFIP's language is unambiguous, and the applicable rules require strict adherence. *Cohen*, 924 F.3d at 780. Inescapably, Plaintiffs' action must

3

be dismissed for failure to satisfy the prerequisites to suit set forth in the SFIP.

Accordingly,

**IT IS ORDERED** that the above-captioned action is **DISMISSED**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 19th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**